PER CURIAM.
Plaintiff-appellant, Mary R. Bozzell, seeks review of the trial court’s final order dismissing her complaint for failure to state a claim upon which relief could be granted in an action for a declaratory decree, reformation of an insurance policy and equitable relief against defendant-appellee, Prudential Insurance Company of America.
Plaintiff’s son, Michael Jones, a member of the Armed Forces, executed a Servicemen’s Group Life Insurance Policy in the amount of $15,000, but he failed to designate any beneficiary. The son died while still in the Army and the proceeds of the subject insurance policy devolved by operation of law according to the hierarchy of beneficiaries in 38 U.S.C. § 770. The fourth classification in the hierarchy was the first in which any beneficiary for the decedent was found:
“Fourth, if none of the above, to the parents of such member or the survivor of them.”
The natural parents of Michael Jones are Mary R. Bozzell, plaintiff-appellant, and Robert F. Jones, and it was to these two people that defendant-appellee, the Prudential Insurance Company of America, paid the proceeds of the policy in equal shares.
Mary Bozzell contests in her complaint the division of the proceeds and points to a letter written by the decedent before he was killed in which, according to appellant’s interpretation, he designates his mother to be his sole and exclusive beneficiary under the policy. She also states that Robert Jones, the decedent’s natural father, had abandoned her and decedent when the decedent was an infant and had not lived with or supported either of them during their entire marriage. Appellant’s *25 complaint was dismissed by the lower court for failure to state a claim upon which relief could be granted.
After reading the letter written by decedent to his mother, we are unable to agree with appellant’s contention that the letter designated Mary Bozzell as the sole and exclusive beneficiary under the policy. Since the letter is the basis of the complaint, appellant has failed to support her arguments. Nor do we find any other issues raised by appellant that would reflect any doubt as to the meaning, interpretation or applicability of the beneficiary provision of 38 U.S.C. § 770.
The lower court’s final order: of dismissal is affirmed.